JOHN BRADLEY *v.* JOHN E. CHAMBERLIN, JAMES M. CHADWICK AND MOSES R. CHAMBERLIN.

*Scire Facias upon Sheriff's official recognizance.	Judgment.*

In *scire facias* upon a sheriff's official recognizance, the previous judgment against the sheriff is conclusive of the plaintiff's right to a judgment against the sheriff and his bail, as against all defences which the sheriff might have urged in opposition to the suit against him alone, except when the judgment was rendered against the sheriff by default.

SCIRE FACIAS upon an official recognizance entered into by the defendant, John E. Chamberlin, as sheriff of Orange county, and by the other defendants as his bail, for the faithful performance by John E. Chamberlin of his duties as such sheriff.

The declaration set forth that the plaintiff delivered an execution in his favor against one Tarbell, to one Godfrey, a deputy sheriff under the said John E. Chamberlin, for collection; that Godfrey collected such execution, but neglected to pay the money to the plaintiff; that the plaintiff thereupon brought an action against John E. Chamberlin, for such neglect of his deputy Godfrey, of which action John E. Chamberlin was duly notified, and that the plaintiff recovered judgment therein against him, and that the plaintiff had taken out execution on such judgment against John E. Chamberlin, which had been returned unsatisfied.

The defendant, Moses R. Chamberlin, filed a separate plea, setting forth that the plaintiff's attorney, at the time of the delivery of the execution against Tarbell to Godfrey, directed him, in case he (Godfrey) should be served with a trustee process, as the trustee of the plaintiff, after he should have collected the execution of Tarbell, to deposit the money in the South Royalton Bank; that Godfrey was so trusteed, and that he deposited the money so collected of Tarbell in such bank, as directed, and that in consequence of the insolvency of the bank the money so deposited had not yet been paid to the said Godfrey.

To this plea the plaintiff demurred.

The county court, at the January Term, 1862, PECK, J.,

presiding, *pro forma* adjudged the plea sufficient, and rendered judgment for the plaintiff, to which the defendant Moses R. Chamberlin excepted.

*L. B. Peck, P. T. Washburn* and *O. B. Leslie,* for the defendant.

*C. W. Clarke,* for the plaintiff.

PIERPOINT, J.   This is a *scire facias* brought upon a recognizance entered into by John E. Chamberlin, as principal, and the other defendant as sureties, to secure the faithful performance by the said John E. Chamberlin of the duties of sheriff of Orange county.

The questions arise upon a demurrer to the separate plea of Moses R. Chamberlin, one of the sureties in the recognizance.

The plea alleges, as a defence to these proceedings, facts which, if proved, might have constituted a good defence to the principal, in the suit brought by this plaintiff against him as sheriff, to recover the damage which the plaintiff sustained in consequence of the neglect and unfaithfulness of the sheriff in the discharge of the duties of his office ; and the question upon this part of the plea is whether it is *competent* for the surety to set up such matter in defence of this proceeding, or, in other words, whether he is concluded in regard to such matters by the judgment in that case against the principal.   That the principal is concluded by that judgment is conceded.   Its effect upon the sureties in this proceeding we think must depend entirely upon the construction that shall be put upon our statute regulating proceedings of this character.

The form and order of proceeding is specifically pointed out by the statute.   It provides that the party claiming to have been injured by the official misconduct of the sheriff shall first, and before resorting to the recognizance, establish his claim by obtaining a judgment against the sheriff for his damages, resulting from such misconduct, and show a failure to collect the same of him.   It is also provided that on the return of the writ of *scire facias* the court, unless satisfactory cause be shown to the contrary, shall render judgment against such sheriff and his

Bradley *v.* Chamberlin et als.

sureties in favor of the creditor, for the amount of such judg-ment and all charges, with interest and cost. It is further pro-vided by the 59th section of chapter 28 of the compiled statutes on this subject, that in all cases where the original judgment against the sheriff was rendered by default, and *scire facias* shall be brought, as before provided, the sureties may make any defence, and take any advantage in the *scire facias* which the principal might by law have made, or taken, in the original action.

We think it is manifest from these several provisions, that it was the intention of the legislature that the judgment against the sheriff should be conclusive of the claimant's right to a judgment against the sheriff and his sureties, in the *scire facias,* as against all defences that the sheriff might have urged in defence of the suit against him alone. The *" satisfactory causes "* referred to in the 57th section are evidently those cases that have arisen since the judgment was rendered against the sheriff; for instance, a payment of such judgment in whole or in part, or such cases as are personal to the sureties, as infancy, or any legal inability to contract such an obligation. If this clause in the 57th section gives to the sureties the right to interpose any species of defence that the principal might have set up in the suit against him, it must have the same effect as to the principal, as it is equally applicable to him as to them, and such an effect is not claimed for it.

If it was not the intention of the legislature to make the judgment against the principal conclusive to the extent before indicated, why require that the claimant should first procure a judgment against the principal ? Why not allow this proceed-ing against the sheriff and his sureties in the first instance, and have the whole controversy done at once, instead of compelling the claimant to contest the matter to the end of the law, as was done in this case with the sheriff, and then leave him to fight the same battle on the same issues, and to the same extent, with the sureties ?

Upon any other construction than the one we now adopt, the 59th section becomes wholly inoperative, for if the sureties have the right to set up every species of defence in all cases, why

Bradley *v.* Chamberlin et als.

give them the right, in cases where the judgment against the sheriff is by default, as they would have the right without this section ; but upon our view of the statute there is a manifest propriety in giving the sureties their right in such cases, as the judgment against the sheriff might be obtained by default, without his knowledge ; he might be out of the state, and the process served by attaching property, and notice given by publication ; or if he so far neglected a defence as to allow judgment to be taken against him by default, that might have been regarded as a sufficient cause for allowing the sureties to come in and defend.

But it is said there is a hardship in concluding the sureties by a judgment against the principal, obtained in a proceeding to which they were not parties. This objection, in proceedings like the present, we think is more potent in theory than in practice, as it is hardly to be supposed that a sheriff would allow a judgment to be obtained against him for such a cause, without availing himself of all legitimate defences that exist, and no person is likely to be as well informed upon the subject as himself, and whatever hardship there may be in such cases, we think is far more than counterbalanced by the hardship that would be otherwise entailed upon the other party, who would be compelled twice to follow through a protracted litigation of the same points, and substantially with the same parties, for it can not be doubted that in both contests the sheriff would be the real party with whom he would have to contend.

This view of the statute, we think, is in harmony with the practice under it for a long period of time, and with the construction that has been put upon it by the profession throughout the state.

Regarding it as we do, it becomes unnecessary to enter into a discussion of the general principle as to the effect of judgments against the principal upon the sureties, a point on which there is much conflict of authority.

The judgment of the county court is affirmed.