TUTE, FAY & MOWREY *v.* L. P. JAMES ET AL.

*Scire Facias. Liability of Sureties on Sheriff's Recognizance.*
*Gen. Sts. ch. 30, § 73.*

*Scire facias* cannot be maintained against the sureties on the recognizance of a deceased sheriff, until the extent of the liability of the sheriff's estate has become fixed by an allowance against it for the damage sustained by reason of the official misconduct, default, or neglect complained of. And this is so, although the estate is entirely insolvent.

The word *removal* in § 73, ch. 30, of the Gen. Sts., is used in its ordinary acceptation, and means a change of the domicil of the sheriff while in life, from this state to another.

SCIRE FACIAS upon a recognizance entered into by the defendants as sureties for one James A. Kendall, deceased, conditioned for the faithful performance by the said Kendall of his official duties as sheriff of Orleans county. The breach alleged was for not paying over money collected by the said Kendall in part satisfaction of an execution in favor of the plaintiffs, and for not collecting the balance of said execution. The material allegations of the writ sufficiently appear in the opinion. The defendants demurred, for that it did not appear that any judgment was ever rendered against the said Kendall for any official miscon-

duct, neglect, or default, in his said office of sheriff; nor that any execution was ever issued against the said Kendall upon any such judgment ; nor that any such execution was ever issued and returned unsatisfied ; nor that said Kendall was ever committed to jail on any such execution ; nor that service of process could not be made upon said Kendall, by reason of his removal from the state, leaving no attachable property therein ; nor that said Kendall ever removed from the state.

The court, at the September term, 1872, Ross, J., presiding, sustained the demurrer, *pro forma,* and rendered judgment for the defendants ; to which the plaintiffs excepted.

*J. T. Allen* and *J. L. Edwards,* for the plaintiffs.

Sec. 73, ch. 30, of the Gen. Sts., was not intended to apply only to cases where the sheriff voluntarily removes from the state. If he dies, it is a *removal* within the meaning of the statute. Whenever a liability of the sheriff, and an inability to make service of process upon him, concur, the party is entitled to the action provided by said section. BARRETT, J., in *Hine* v. *Pomeroy et al.* 40 Vt. 103, 107. Recognizances are considered as judgments, being obligations solemnly acknowledged and entered into of record. 8 Bac. Abr. 605. The recognizance of a sheriff being matter of record, *scire facias* can be sustained upon it at common law.

*John Young* and *H. C. Wilson,* for the defendants.

No such action as this can be maintained at common law. *Fuller* v. *Holmes,* 1 Aik. 111. It can be maintained only by virtue of the statute. That points out the object and form of recognizance, and determines the liability of the bail. Therefore, the legislature are presumed to have provided a specific remedy in every case in which they intended the bail should be subjected. *Fuller* v. *Holmes, supra ;* Sec. 73, c. 30, of the Gen. Sts. Previous to the act of 1860, judgment must in the first instance be obtained against the sheriff before any proceedings could be had against the sureties. *Fuller* v. *Holmes, supra ; Hine* v. *Pomeroy,* 39 Vt. 211 ; s. c. 40 Vt. 103. The defendants insist that the

statute in force before 1860, does not provide any method of sub-
jecting the sureties in case of the death of the sheriff. Cases
above cited. If it does, it is only by first.procuring a judgment
against the estate of the deceased sheriff. But no such judgment
is alleged in this case. As no judgment is alleged against the
sheriff or his estate, this action cannot be sustained, unless it is
by virtue of the act of 1860. This act gives this particular rem-
edy in only one case, and that is where the liability of the sher-
iff, and the inability to serve process upon him " *by reason of the
removal of such person from the state, leaving no known attach-
able 'property therein,"* concur. There is in this declaration no
allegation of *removal from the state, leaving no known attach-
able property therein.* Consequently, this case does not come
within the letter of the statute. Death is not a removal from the
state, within the meaning of the statute. Where the language
of the legislature is clear and explicit, it is not for the court to
ignore or add any clause or word, to enlarge or contract the scope
of the act, beyond what the language used by the legislature
clearly means. *Graham* v. *Todd,* 9 Vt. 166, 170 ; *Fox* v. *Hatch,*
14 Vt. 340, 346 ; *Catlin* v. *Hull,* 21 Vt. 154, 157 ; *Barker* v.
*Esty et al.* 19 Vt. 131.


The opinion of the court was delivered by

Ross, J. This is *scire facias* upon a bond of recognizance,
taken to the treasurer of Orleans county, entered into by the
defendants as sureties for James A. Kendall, sheriff of the county
of Orleans, and conditioned for the faithful performance of the
duties of the office of sheriff, by the said Kendall. The plaintiffs
allege a breach of said bond, to their damage ; and state that said
Kendall had deceased before the bringing of this suit ; that ad-
ministration had been taken upon his estate ; that they had pre-
sented their claim for damages to the commissioners on said
estate, who had never made any return of their commission, or
made any allowance or disallowance of their claim ; that the
whole of said Kendall's estate did not amount to $300, and had
been wholly expended in supporting the widow and minor child-
ren of said Kendall ; and that there is not, and never had been,

any estate of said Kendall, out of which any part of the plaintiffs' claim can be, or ever could have been, collected or secured. These allegations are all admitted by the demurrer of the defendants. The question presented is, whether these admitted facts bring the case within the provisions of § 73, ch. 30, of the Gen. Sts. By that section, the sureties in the bond of recognizance of a sheriff may be prosecuted for official misconduct, neglect, or default of the sheriff, by an action of debt or *scire facias*, brought directly upon the recognizance, without first bringing a suit against the sheriff, whenever service of process cannot be made upon the sheriff " by reason of the removal of such person from the state, leaving no known attachable property therein." The general provisions of the statute are to the effect that a party, before he can be allowed to proceed against the sureties of a sheriff on his recognizance, must obtain judgment against the sheriff, take out execution against him, and have the same returned unsatisfied. Section 73 seems to have been passed, to furnish a remedy for a party injured by the official misconduct, default, or neglect, of a sheriff who had at the time of bringing the suit, removed from the jurisdiction of the court, and left no known attachable property in the state, by the attachment of which, service could be made, and jurisdiction, to the extent of the property at least, be obtained against the sheriff. We think " removal " in this section, is used in the ordinary acceptation of that word, and means the change of the domicil of the sheriff, while in life, from this to some other state. The departure of one's soul from his body, which takes place at death, is not a removal of " such person" from the state. The person consists of both soul and body, and " the removal of such person," means, the removal of the soul and body in life, and not the withdrawal of the former from the latter merely. Attachable property, spoken of in this section, is predicable only of a living person. A deceased person neither *has* nor *possesses property*, but *leaves to others an estate.* The ordinary meaning of all the language of the operative clause of the section, is opposed to the construction claimed for the plaintiffs. The plaintiffs urge that we must place their construction upon this section, or there is no statutory provision by which a

party injured by the official misconduct, default, or neglect of a sheriff who has deceased, can obtain satisfaction from his sureties in the recognizance. They say, that, although they might, through the commissioners on the estate of a deceased sheriff, and the probate court, obtain judgment for damages sustained from his official misconduct, default, or neglect, they could not, because the probate court issues no executions, have execution on such judgment, and have the same returned unsatisfied, so as to comply with section 69 of the same chapter. It is true, a party injured cannot, in the case of a deceased sheriff, comply with the letter of section 69 ; but he can comply with the intention and spirit of that section. He can have the extent of the liability of the sheriff's estate to respond to him in damages, determined. He can, by an order of distribution of that estate, obtain all the satisfaction of such damages, which the law affords from the sheriff's estate. Satisfaction obtained, in whole or in part, by an order of distribution by the probate court, is as effectual for the relief of the sureties, as that obtained upon an execution. The purport of section 69 is, to compel a party claiming damages from the official misconduct, default, or neglect of a sheriff, to establish, in some proper form, the extent of the liability of the sheriff, and to obtain all the pecuniary satisfaction he can, of the damages thus determined, from the sheriff, before he can make use of the remedy furnished by that section against the sureties in the recognizance. We think the spirit and intention of the section are observed when such liability and satisfaction, in the case of a deceased sheriff, are obtained through the instrumentality of the probate court, and that the plaintiffs' is not a *casus omissus*, but was intended to be, and is, in effect, provided for by section 69. The fact that the plaintiffs would obtain no satisfaction of their damages by pursuing the estate of Kendall, cannot excuse them from complying with the statute. If a party should obtain satisfaction from the property or estate of the sheriff, he would not need the remedy furnished him by that section against the sureties in the recognizance. We think there was no error in the *pro forma* judgment of the county court for the defendants, and that judgment is affirmed.