TUTE, FAY & MOREY *v.* JAMES AND ANOTHER.

*Probate Court. Conclusiveness of Judgment. Liability of Sheriff's Sureties. Competency of Witness under s. 24, c. 36, Gen. Sts.*

In *scire facias* on a recognizance entered into by defendants as sureties, for a sheriff, and conditioned for the faithful performance by the sheriff of his official duties, it appeared that the sheriff had not paid over money by him collected on an execution in favor of plaintiff ; that the sheriff was dead, and his estate insolvent ; and, from the report of the commissioners on his estate, that plaintiff's claim therefor against the estate was allowed, and the commissioners' report accepted by the Probate Court. Defendants sought to show that the allowance was procured in a manner to render the proceeding void for irregularity. *Held*, that the acceptance of the report was in legal effect a judgment of the Probate Court, and could not be avoided except by proceedings instituted for that purpose.

*Held*, also, that although the sureties were not parties to the proceedings in the Probate Court, they were bound by its judgment as to all defences that the sheriff's administrator might have made.

Plaintiffs offered as witnesses the actual and also a former owner of the claim sought to be enforced, to whose testimony defendants objected, for that the sheriff was dead. *Held*, that they were not parties in such sense as to be incompetent under s. 24, c. 36, Gen. Sts.

SCIRE FACIAS on a recognizance entered into by the defendants as sureties for James A. Kendall, deceased, conditioned for the faithful performance by said Kendall, of his duties as sheriff of Orleans County, for not paying over money by him collected on an execution in favor of the plaintiff. The defendants filed six pleas in bar and a notice of special matter. The case was referred, and the referee reported as follows :

On January 8, 1866, the plaintiff sued out a writ of attachment against E. Fuller & Co., returnable to the June Term of the Orleans County Court, demanding in damages the sum of $800, and placed it in the hands of James A. Kendall, then and until August, 1867, the sheriff of that county, who served it by attaching the property of the defendants therein, subject to four prior attachments in favor of Baker, Robinson & Clough, C. S. Cutting, D. Fuller, and M. A. Lewis & Co., on writs returnable to the same term. All of said writs were duly returned, and judgments rendered for all of the several plaintiffs at said term, except D.

Fuller, whose action was afterwards discontinued. Executions were duly issued and placed in the hands of said Kendall.

In the meantime, the property was sold by agreement of parties on mesne process, for $4,193.68 above the expenses of sale. I find from the testimony of Cutting and J. T. Allen, to whose competency the defendants objected because Kendall was dead, that the action brought by D. Fuller was fictitious, and was understood to be so by all of the several creditors and by the officer, and that the proceeds of the officer's sale were to have been applied on said several executions in their order ; that at the time the execution of the plaintiff was put into Kendall's hands, Cutting either owned all of said judgments, or acted by authority as the agent of the several creditors therein, and controlled the collection thereof, as Kendall well knew, and directed Kendall to apply the proceeds of the sale in that order ; that on March 15, 1867, after satisfying the executions prior to the plaintiffs', there was remaining in Kendall's hands the sum of $359.53, which he never paid over to any one, but which should have been applied on the plaintiffs' execution, unless the plaintiffs failed to keep good their right thereto by reason of circumstances hereafter stated.

It appeared that on May 5, 1866, Cutting became the owner of the plaintiffs' claim against D. Fuller & Co., and so remained until October 11, 1873, when he sold it to said Allen, who had up to that time been the attorney of the plaintiffs and Cutting, who is now the owner thereof. In August, 1867, Kendall died, and Lucius Robinson took out a letter of administration on his estate, and on August 28, L. H. Bisbee and D. K. Simonds were appointed commissioners thereon, with a limitation of six months for the examination and allowance of claims. I find from the testimony of Cutting, that while he was the owner of said judgment, and while the commissioners were in session, he presented said judgment to the administrator, who told him that the claim could not then be examined on account of the pressure of business, but that he would inform him when the commissioners would examine it, and that the commissioners should not close the business of their appointment until he had had opportunity to present it. Cutting, relying on this assurance, left his claim with the administrator, and never presented it to the commissioners. The report of the commissioners, which was introduced in evidence, purported to have been dated and signed on December 1, 1868, and returned to the Probate Court on October 23, 1873, and then accepted. But from the testimony of said Allen, I find that in the spring of 1871, Bisbee removed to Chicago, where he had ever since resided, and that Simonds had before that time re-

moved from Orleans County.  I further find from his testimony on cross-examination, to the admission of which the plaintiff objected, that in the fall of 1873, he carried the commissioners' report to Chicago, when Bisbee signed it for the first time, and on his return sent the same to Simonds, who also signed it, the same being approved of by the administrator.   From the records of the Probate Court, it appears that the estate was finally closed on August 7, 1875, and that there were no assets for division among the creditors.   If it is competent for the defendants to contradict the report of the commissioners and impeach their proceedings relative to the plaintiffs' claim, if the facts established prove that the claim was never duly presented to and acted upon by the commissioners, and if, the estate of Kendall having been insolvent, those facts defeat the plaintiffs' right to pursue the bail in this suit, then judgment should be rendered for the defendants.   But the referee holds that the validity of the action of the commissioners and the Probate Court cannot be questioned in this proceeding, and that upon the facts found the plaintiffs are entitled to judgment for the sum of $359.53, with interest thereon from March 15, 1867, and costs.

The defendants claimed that upon the facts found they were entitled to judgment, and that the cause of action was barred by the Statute of Limitations.   But the court, at the September Term, 1876, POWERS, J., presiding, ruled that the defendants could not take advantage of the statute because that they had not formally pleaded it, and rendered judgment on the report for the plaintiffs ; to which the defendants excepted.

*W. D. Crane*, for the defendants.

The defendants are not bound by the judgment of the Probate Court for the reason that they are strangers thereto.   *Sturges* v. *Beach,* 1 Conn. 507 ;  *Cowles* v. *Harts, Johnson & Co.,* 3 Conn. 516 ;  *McLoud* v. *Selby,* 10 Conn. 389 ;  *The Union Mfg. Co.* v. *Pitkin,* 14 Conn. 175 ;  *Smith* v. *Chapin,* 31 Conn. 530 ;  *Smith* v. *Saxon,* 6 Pick. 483 ;  *Leonard* v. *Bryant,* 11 Met. 370 ;  *Vose* v. *Morton,* 4 Cush. 27, 31 ;  Stark. Ev. 324, and n. ;  *Nason* v. *Blaisdell,* 12 Vt. 165 ;  *Atkinson* v. *Allen,* 12 Vt. 619 ; *Gibbs* v. *Linsley,* 13 Vt. 208 ;  *Parkhurst* v. *Sumner,* 23 Vt. 538 ; *Spencer* v. *Dearth,* 43 Vt. 98.

The sheriff could not apply funds on the plaintiffs' execution

Tute et als. *v.* James et al.

while the action by Fuller was pending. He was bound to hold that portion of the avails of the sale that would properly apply to that attachment, until the plaintiff therein released that attachment. Allen was a party in interest, and was not a competent witness under the statute. Gen. Sts. c. 36, s. 24.

The defendants could take advantage of the Statute of Limitations before the referee without having pleaded it. *Eddy* v. *Sprague*, 10 Vt. 216, *per* REDFIELD, J.; *Carter* v. *Howard*, 39 Vt. 106, *per* BARRETT, J. The claim was not seasonably presented to the commissioners. It was therefore barred by s. 14, c. 53, of the Gen. Sts. It was also barred by the Statute of Limitations. *Brainard* v. *Stewart*, 33 Vt. 402.

*Edwards & Dickerman*, for the plaintiffs.

Cutting and Allen were competent witnesses. The cause of action here is the recognizance, and all the parties to that are alive. The proceedings by the commissioners was a suit within the meaning of the statute. Gen. Sts. c. 36, s. 24; *Lythe* v. *Bond's Estate*, 40 Vt. 618; *Manufacturers' Bank* v. *Scofield*, 39 Vt. 590; *Cheney* v. *Pierce*, 38 Vt. 515, 528; *Calderwood* v. *Estate of Calderwood*, 38 Vt. 171.

The creditor must obtain a judgment against the sheriff to lay the foundation for a *scire facias*. Gen. Sts. c. 30, s. 69; *Fuller* v. *Holmes*, 1 Aik. 111; *Tute* v. *James*, 48 Vt. 60. That judgment is conclusive of the plaintiff's right to a judgment against the bail, as against all defences that the sheriff might have urged in the suit against him alone. *Bradley* v. *Chamberlin*, 35 Vt. 277.

A decree of the Probate Court is absolutely unimpeachable and conclusive in all other courts, both in law and equity. Redf. Wills, 47; *Calderwood* v. *Estate of Calderwood*, 38 Vt. 175; *Allen* v. *Dundass*, 3 T. R. 125; *Plume* v. *Beale*, 1 P. Wms. 388; *Wescott* v. *Cady*, 5 Johns. Ch. 334, 343, *per* KENT, Ch.; *Kimball* v. *Newport*, 47 Vt. 38.

The opinion of the court was delivered by

ROYCE, J. When this case was before the Supreme Court at the August Term, 1873 (46 Vt. 60), it was determined that an action of *scire facias* could not be maintained against the sureties of a deceased sheriff until the extent of the liability of the sher-

iff's estate had become fixed by an allowance against it for the damage sustained by reason of the official misconduct, default, or neglect complained of. The referee has found that the claim sought to be recovered in this action has been allowed by the commissioners on the deceased sheriff's estate, and that the report of the commissioners has been accepted by the Probate Court; that the estate was finally closed on the 7th of August, 1875, and that there were no assets to be divided amongst the creditors. The acceptance of the report of the commissioners by the Probate Court is, in legal effect, a judgment of that court. *Richardson* v. *Estate of Merrill*, 32 Vt. 27 ; and it is conclusive of the liability of the sureties of the sheriff upon his official bond, if they are bound by it. They claim, first, that the manner in which the allowance of the claim was procured, makes the whole proceeding void for irregularity. The proceedings upon their face appear to be regular, and the rule, as enunciated in *Tappan* v. *Hutting*, Brayt. 137, and recognized in all subsequent cases down to *Porter* v. *Gile*, 47 Vt. 620, is, that a judgment cannot be impeached collaterally. In *Kimball* v. *Newport*, 47 Vt. 38, it is said that judgments which appear to have been regularly obtained, are conclusive upon parties and privies, and if one would avoid such a judgment, it must be done by some proceeding instituted for that purpose. This rule is applicable here, and is conclusive against the right of the defendants to avoid the judgment of the Probate Court, and its legal effect upon the facts proved.

The defendants claim, secondly, that inasmuch as they were not parties to the proceedings in the Probate Court, they are not concluded by its judgment. The same question was before the court in *Chamberlain* v. *Godfrey*, 36 Vt. 380, and ALDIS, J., upon a thorough review of the authorities bearing upon the question, states as a conclusion, that a judgment against a sheriff binds his sureties though they have no notice, except where the judgment is by default. It is not claimed that this case comes within the exception, and that decision is decisive against the claim of the defendants. See also *Bradley* v. *Chamberlain*, 35 Vt. 377, in which it was held that a previous judgment against the sheriff was conclusive of the plaintiff's right to a judgment against the sheriff and his bail, as against *all defences* which the sheriff might

have urged in opposition to the suit against him alone; so here, the fact as to whether the execution was seasonably delivered, to charge the property or its avails in the hands of the sheriff, and whether the execution was returned, and where, and whether the claim was barred by the Statute of Limitations, were all matters of defence against the allowance of the claim against the sheriff's estate; and the administrator could have insisted upon such matters of defence to the same extent that the sheriff could have done while living. All matters of defence, then, that existed prior to the judgment, being concluded by it, the rights of the plaintiff are not dependent upon, nor to be controlled by, the fact whether such defences might have been successfully made against the allowance of the claim, or not.

The only remaining question presented by the report that it is important to consider, relates to the competency of Allen and Cutting as witnesses. The Constitution of the State, Art. 22, requires that sheriffs shall, before entering upon the duties of their office, give sufficient security to the treasurer of their respective counties, in such manner and in such sum as shall be directed by the Legislature. The Legislature has required, by s. 1, c. 12 of the Gen. Sts., that such security shall be given by a recognizance to be entered into by the sheriff, with two or more securities, conditioned for the faithful discharge of the duties of his office; and has provided by ss. 69 and 70 of c. 30, that where judgment shall have been rendered against any sheriff for any official misconduct, neglect, or default, the creditor may, in his own name and right, sue out a writ of *scire facias;* and it is under those sections that this suit was brought. The question of official misconduct, neglect, or default of the sheriff, was in issue in the proceeding before the commissioners and Probate Court, and was settled by the judgment. The witnesses Allen and Cutting were not, in a legal sense, parties to this suit or the cause of action in issue, and on trial, so as to render them incompetent.

This view, we think, is in harmony with the construction which has always been given by the court to the statute.

Judgment affirmed.