## Case No. 1,341.

### BERGER v. WILLIAMS.

[4 McLean, 577.] [1]

Circuit Court, D. Michigan. June Term, 1849.

INDEMNITY—JUDGMENT ON BOND — DEFENSES OF SURETY—PLEADING—ALLEGATION OF BREACH OF TERMS OF BOND.

1. A judgment against the principal is prima facie evidence against the surety.

2. The surety may show fraud and collusion, that the debt has been paid or that there was a clerical mistake in entering the judgment.

[Cited in The Garland, 16 Fed. 287.]

[See McLaughlin v. Bank of Potomac, 7 How. (48 U. S.) 220.]

3. A breach alleged in the terms of the bond is sufficient.

[At law. Scire facias by James M. Berger against G. D. Williams on judgment for breach of bond. Defendant demurs. Demurrer overruled.]

Mr. Fraser, for plaintiff.

Mr. Douglass, for defendant.

OPINION OF THE COURT. Berger and one Stevens being in partnership, Stevens purchased the stock on hand and gave bond, with Williams security, in the penalty of twenty thousand dollars, "conditioned to discharge and pay all the debts and engagements of every kind due by the said firm, and to which it might be liable, be the same of whatever nature." Judgment for the penalty was recovered on this bond, and a sci. fa. in the name of the plaintiff alleges a breach, etc., and to recover a debt recovered by Chauncey Moss, against the late firm, in the state of New York. The defendant demurs to the sufficiency of the breach, on the ground that setting forth the judgment is not sufficient. That the consideration or cause of action, on which the judgment was rendered should have been averred.

A suit between the same parties on the same judgment, by a prior sci. fa., for the benefit of a creditor, was before this court at the June term, 1846. [Bergen v. Williams, Case No. 1,340.] The present sci. fa. has been issued at the instance of a different creditor and involves questions not before the court in the former suit.

Is the judgment rendered against the late firm, in the state of New York, evidence in the case? We think it is, though it may not be conclusive evidence. The defendant is not·a stranger to the judgment, though he is not a party to it. He has covenanted to pay this debt jointly with Stevens, if it were a genuine debt, for which the late firm of Berger & Stevens were liable. The judgment establishes this liability, unless fraud be shown. And this the surety may show.

And further he may show a mistake in the amount of the judgment. The evidence of indebtment is merged in the judgment. In [Drummond v. Prestman,] 12 Wheat. [25 U. S.] 515, it was held, that a judgment was prima facie, though not conclusive evidence against a guarantor. He may show a clerical mistake in the calculation of the judgment, or that it was obtained through collusion and fraud. Whether the judgment is final or conclusive is the only question in the case.

Lord Hardwicke, in Greerside v. Benson, 3 Atk. 252, held, that such a judgment is conclusive against the surety. The same doctrine was held 1 Ohio, 446; Heard v. Giles, 20 Pick. 53; 10 Barn. & C. 317. An entry in a book against the interest of a party, is evidence against a third person. The case of Moss v. McCullough, 5 Hill, 132, is relied on by the defendant, as showing that such judgment is not evidence, etc. In that case the superior court held a judgment against the principal was conclusive against the surety. And that was a point before the court. A new trial was granted. But that decision is in conflict, it would seem, with the case of Slee v. Bloom, 20 Johns. 669. The reasoning of Judge Cowen beyond the case can not be considered as authority, any more than his notes on Phillips' evidence. In Douglass v. Howland, 24 Wend. 58. Cowen founds the decision on the authority of the two cases of Beall v. Beck, 3 Har. & McH. 242, and M'Kellar v. Bowell, 4 Hawks, 34. The first of the above two cases is most unsatisfactory. Suit was brought against the surety of a deputy sheriff collector. On the trial the collector was offered as a witness, and objected to, and the court being divided, as to the admission of the witness, the evidence was not permitted to go to the jury. This, I suppose, must have been a mistake of the reporter. The objections to the admission of the evidence fail where the court are divided, and as a matter of course, the evidence goes to the jury. On an appeal the judgment was affirmed. No argument of counsel, or opinion of the court is published. In Jacobs v. Hill, 2 Leigh, 393, confession of judgment by the principal, a sheriff, is evidence against the surety, overruling the case of Munford.

We think on reason and authority the law is clear, that a judgment against the principal is prima facie evidence against the surety. To avoid its effect, the surety may show collusion and fraud, that the demand has been paid, or that there is a clerical mistake in entering up the judgment. We think, also, that the breach to which an objection has been made is sufficient. The breach is alleged in the terms of the condition of the bond. The demurrer is overruled. On motion and affidavit of defendant, execution is set aside, and leave given him to plead.

[1] [Reported by Hon. John McLean, Circuit Justice.]