LEVI M. PARKHURST *v.* SAMUEL SUMNER.

*Conclusive effect of judgment. Right of bail to plead collusion in rendition of judgment. Form of plea. Repleader.*

It is a universal rule in regard to judgments, that all matters, which might have been urged by the party before the adjudication, are concluded by the judgment, as to the principal parties, and all privies in interest, or estate; and among privies are those who are holden as bail for the party.

That the plaintiff in the suit was induced to consent to a judgment for costs against him, when in a state of intoxication, procured by the defendant in the suit, is a matter which is concluded by the judgment, both as to the principal and the bail.

But that the judgment was entered up by collusion between the parties, for the purpose of defrauding the bail, is a matter which is not concluded by the judgment, but the bail may plead it at the earliest opportunity which is afforded him by a suit upon his recognizance.

Parkhurst *v.* Sumner.

But such plea must distinctly allege, that the judgment was finally rendered in pursuance of the alleged corrupt agreement, and by the collusion of the principal, for whom the bail is holden; and without such allegation, the plea will be held bad in form, upon demurrer.

When the substance of the defence set forth in a plea is held good in the supreme court, but the plea is held bad for form, a repleader will be awarded, and the case remanded, and the costs will abide the final result of the suit.

THIS was a suit upon a recognizance entered into by the defendant in an action in favor of one Sisco against the plaintiff, Parkhurst. The defendant pleaded two pleas in bar. In the first plea it was alleged, that after the defendant entered into the recognizance, and before the rendition of the judgment in favor of Parkhurst against Sisco, mentioned in the plaintiff's declaration, Parkhurst and Sisco settled and adjusted the matter in suit between them, and Parkhurst then paid to Sisco $10,00 for a final settlement and discharge of the matter in suit, which sum was received by Sisco as a full payment and settlement, and that it was farther corruptly and fraudulently agreed between Parkhurst and Sisco, with intent to injure and defraud this defendant, that Sisco should abscond and leave the state, and that judgment for costs should be rendered in favor of Parkhurst against Sisco, in order that this defendant should be held liable on his recognizance and be subjected to the payment of the bill of cost to be recovered by Parkhurst in that suit, and that afterwards, at the June Term, 1842, of the county court, judgment was rendered in favor of Parkhurst against Sisco for the bill of cost mentioned in the plaintiff's declaration. In the second plea it was alleged, that Sisco was induced to consent to the judgment for costs against him, when in a state of intoxication, procured by the plaintiff Parkhurst. To these pleas the plaintiff demurred specially. There was also a plea of *nul tiel record.*

The county court decided, that there was such a record, as alleged, and held the pleas in bar insufficient, and rendered judgment for the plaintiff. Exceptions by defendant.

*S. Sumner* for defendant.

The pleadings show, that the judgment in favor of Parkhurst against Sisco, for costs, was collusive and fraudulent; and the defendant contends, that he is not bound by it, as recognizor.

1. The statute gives the defendant a right to every just and equitable defence. Rev. St. 165, § 42; 183, § 28.

2. The judgment, being fraudulent, cannot prejudice third persons. *Rider* v. *Alexander*, 1 D. Ch. 267. *Atkinson* v. *Allen*, 21 Vt. 619. *Pierce* v. *Jackson*, 6 Mass. 242. *Downs* v. *Fuller*, 2 Met. 135.

3. Bail and sureties are allowed to defend by showing any technical irregularity in the previous proceedings against their principal, or a discharge of the principal by bankruptcy. *Witt* v. *Marsh*, 14 Vt. 303. *Aiken* v. *Richardson*, 15 Vt. 500. *Belknap* v. *Davis*, 21 Vt. 409. *Champion* v. *Noyes*, 2 Mass. 481.

4. Recognizors and bail are released, by showing any irregular practices by the parties in the original suit, in obtaining judgment, or any private agreements (and *a fortiori* fraudulent and collusive practices) between them, to the prejudice of the rights or interests of the bail. *Clark* v. *Niblo*, 6 Wend. 236. *Rathbone* v. *Warren*, 10 Johns. 597. *Thomas* v. *Young*, 15 East 617. *Bowsfield* v. *Towner*, 4 Taunt. 456.

5. The recognizor has not that identity or privity of interest with the principal, that he is bound by a judgment against the principal. Bail derive no rights from the principal, are not parties to the record, have no management or control of the suit, and commonly are ignorant of the course of proceeding in court : they have no right to appear in the case, to appeal, or except, or to apply by motion, or petition, to the court. 1 Stark. Ev. 184. *Moore* v. *Bowmaker*, 6 Taunt. 417.

6. The plaintiff's declaration is insufficient.

*T. P. Redfield* for plaintiff.

1. The plea alleges matter anterior to the judgment, and thus seeks to question its propriety. Mr. Chitty says, "The parties, or privies, in debt, or *scire facias*, on a record can plead no matter of defence, which existed anterior to the judgment; and the original defendant himself, his bail, or sureties, cannot plead, that the judgment was obtained against them by fraud." 1 Chit. Pl. 481. *Moore* v. *Bowmaker*, 6 Taunt. 417. *McFarland* v. *Irwin*, 5 Johns. 77. 1 Chit. Pl. 521, 553. *Dodge* v. *Hubbell*, 1 Vt. 491. The judgment is conclusive. *Walbridge* v. *Hall*, 3 Vt. 114. 2 Saund. Pl. & Ev.

132. Gould's Pl. 297, § 154. *Allen* v. *Huntington*, 2 Aik. 249. *Atkinson* v. *Allen*, 12 Vt. 619. *Colony* v. *Maeck*, 8 Vt. 114.

2. The pleas are insufficient in form.

The opinion of the court was delivered by

REDFIELD, J. This is a suit upon a recognizance, and two pleas are interposed, one alleging, that the judgment in the principal action was entered up by collusion between the original parties, with a view to defraud the bail, and the other alleging, that the original plaintiff was induced to consent to the judgment for costs against him, when in a state of intoxication, procured by this plaintiff.

The subject matter of this latter plea is no doubt concluded by the judgment, both as to the principal and the bail. It is a universal rule in regard to judgments, that all matters, which might have been urged by the party before the adjudication, are concluded by the judgment, as to the principal parties and all privies in interest, or estate,—and among privies are no doubt included bail.

The subject matter of the first plea seems to us not to come altogether within the true intent and purpose of this rule. This collusion between the original parties is not a matter, of which they could ever have availed themselves, and there is no doubt it will avail the bail, either at law, or in equity. And we see no very obvious objection to allowing the bail to plead it at the earliest opportunity afforded him in the suit upon his recognizance. We think, therefore, that the substance of the plea is a good defence for him, and that it is not concluded by the judgment against the principal, since it is a matter, which no one could properly have urged in that action.

But it seems to us, that the form of this plea is bad, in substance, in not alleging, that the judgment was finally rendered in pursuance of the alleged corrupt agreement, and by the collusion of Sisco. Nothing of this is alleged, and no fair opportunity is afforded the opposite party to traverse the very gist of the defence, to wit, that the judgment was entered up collusively. A traverse of all the plea contains upon this point will only raise the question, whether the judgment was rendered at the June Term, 1842. The plea, it seems to us, should allege, at the least, that the judgment was rendered in pursuance of the corrupt agreement, and by the collusion

and consent of Sisco, in order to enable the other party to raise the · question upon a simple traverse. As the plea now stands, it may all be true, and the case in fact finally disposed of precisely in the mode alleged in the pleas in the other case,*—which is not what we suppose the party intends by his pleas.

The declaration is said to be defective; but we have not been furnished with a copy.

The judgment is reversed; and as the substance of the defence is considered good, and the form bad, we think a repleader should be awarded, and costs abide the final event of the suit.

Repleader awarded both parties from the first, if they choose.

---

* See *Sisco* v. *Parkhurst, ante,* page 537.