Howe *v.* Chesley et al.

---

## W. C. HOWE ET UX. *v.* OSCAR CHESLEY ET AL.

### [In Chancery.]

*Statute of Frauds. Married Woman. Judgment of Probate Court. Pleading.*

1. The Statute of Frauds is waived, unless pleaded.
2. The defendant's wife, holding the orator's note, promised to pay him a proportional share of the expense for supporting and nursing her mother, and that it should apply as a payment on his note. *Held (a),* that his services in supporting, etc., operated as a payment *pro tanto* of the note; (*b*) but, if not, the promise was binding in equity, and enforceable against her separate property.
3. When one heir promises to pay another heir, for supporting their mother, the excess above the mother's estate, if her estate should ɪ rove insufficient; *Held,* by a divided court, that the judgment of the Probate Court, allowing the account for such support against the mother's estate, is not conclusive in a suit, or proceeding in chancery, between the heirs: but the report of a master, allowing a smaller amount than the Probate Court did, governs.

Bill in chancery to redeem. Heard on bill, answer, traverse, master's report and exceptions thereto, June Term, 1881, Caledonia county, Ross, Chancellor. Bill *pro forma* dismissed.

The bill alleged, in part:

"That the administrator upon her estate presented as an offset to said account the said notes payable to said Mariah and the interest upon said notes payable to said Frances and Mary, and the same were, by said commissioners, allowed as offsets to the orators' said claim. .

That said Frances and Mary appeared before said commissioners and contested the allowance of the whole of the orators'

said claim, and that two days were occupied in the trial of said matters. That the whole amount of the orators' said claim was $3,004 75, and that said commissioners considered that the orators should themselves bear some portion of the expense of such support above the whole of said Mariah's estate, and allowed their said claim, upon said hearing, at the sum of $2,501.09, including interest to June 1, 1878, and allowed in offset thereto said Mariah's said notes and interest, and the interest on said Frances' and Mary's said notes up to the death of said Mariah, at the sum of $1,746.68, leaving due to the orators, as of June 1, 1878, from said estate and from said Mary and Frances, the sum of $754.61.

That said commissioners duly returned their report of said allowances to the Probate Court; that said report was accepted by said court; that no appeal was taken therefrom by any person, and that the time limited by law for taking such appeal has long since elapsed; that said Mariah's estate has no other assets available for paying the orators' said claim, and not enough to pay the expenses of the administration thereof."

The answer alleged, in part:

" And denying that they, or either of them, ever agreed that such part of the expense of such care and support as the said Mariah's estate should be insufficient to pay, should be paid and deducted out of the sums due on their said notes; or that the excess of such expense above the amount of said Mariah's estate should be treated as part payment upon their said notes in equal shares or in any other manner, and denying that they, or either of them, ever used any language of that import to the plaintiffs or any one else.

They admit that commissioners were appointed on the estate of the said Mariah, and that said Howe presented a claim before said commissioners for care and support of said Mariah for allowance, but deny that the commissioners had any power· or authority to allow or disallow, or in any manner to adjust any claim between said Howe and them, or either of them. They admit that the executor of said Mariah's estate presented in offset to said Howe's claim the notes executed to the said Mariah, and the interest on said Frances' and Mary's notes which accrued up to the time of Mariah's decease, which interest was payable to Mariah."

The master found, in part:

" At the hearing before the commissioners the administrator

of Mrs. Bradley employed counsel at the expense of her estate and contested the orators' said claim as best he could. Said Frances and Mary were called as witnesses by the administrator in that hearing, but did not appear as parties litigant.

The orators claim that some two or two and a half years before Mrs. Bradley's death, it became apparent that the means allotted for her support would be insufficient, and that they were unwilling to continue supplying her wants, and that thereupon the said Frances and Mary importuned them to go along and furnish all needed care, medicines, and necessaries for their mother while she lived, and they would pay from their said notes any excess that might be due the orators over their mother's notes, and current interest; and that, relying upon such promise, they continued to supply her wants to an amount beyond her funds; and they now seek to have the balance, $754.61, found by said commissioners in their favor against Mrs. Bradley's estate, declared to be a payment in equal shares upon the notes held by said Frances and Mary. The defendants, Frances and Mary, in their answers, deny making such request and promise.

The orators insisted before the master that the action of the commissioners upon Mrs. Bradley's estate was conclusive, against these defendants, of the amount due the orators from Mrs. Bradley's estate. The master, against the orators' objection, ruled otherwise, and held that, upon the case made by the bill, the entire account of Mr. Howe against Mrs. Bradley's estate was open to inquiry and examination, and received evidence thereon."

The other facts are sufficiently stated in the opinion of the court.


*Belden & Ide*, for the orators.

The contract was valid, and the defendants waived the Statute of Frauds. *Strong* v. *Dodds*, 47 Vt. 354; *Montgomery* v. *Edwards*, 46 Vt. 152; *Smith* v. *Smith*, 14 Vt. 446; *Philbrook* v. *Belknap*, 6 Vt. 383; *Shaw* v. *Shaw*, 6 Vt. 69; *Smith* v. *Smith*, 14 Vt. 440; *Hawley* v. *Moody*, 24 Vt. 603; *Cobb* v. *Hall*, 29 Vt. 519; *Mack* v. *Bragg*, 30 Vt. 571; *Packer* v. *Button*, 35 Vt. 188; *Adams* v. *Smilie*, 50 Vt. 1.

The contract was also binding, although the defendant was a married woman. *Caldwell* v. *Renfrew*, 33 Vt. 217; *Imlay* v.

*Huntington*, 20 Conn. 149; *Kirksay* v. *Friend*, 48 Ala. 276; *Chase* v. *Bill*, 13 Md. 348; *Johnson* v. *Cumming*, 1 Green (N. J.) 97.

The judgment of the Probate Court was conclusive against the defendants in this suit, as to the amount of the orators' debt. *Parkhurst* v. *Sumner*, 23 Vt. 541; *Tracy* v. *Goodwin*, 5 Allen, 409; *Stowell* v. *Banks*, 10 Wall. 587; *Masser* v. *Strickland*, 17 Serg. & Raw. 354; *Musselman* v. *Commonwealth*, 7 Penn. St. 241; *Gilman* v. *Strong*, 64 Penn. St. 247; *Collins* v. *Mitchell* 54 Fla. 371; *Towle* v. *Towle*, 46 N. H. 432; *Church* v. *Barker*, 18 N. Y. 463; *State* v. *Coste*, 36 Mo. 437; *Watts* v. *Gale*, 20 Ala. 817; *Thayer* v. *N. E. Lithograph Co.*, 108 Mass. 528; *Crane* v. *Brigham*, 39 Me. 35; *Dauchy* v. *Brown*, 24 Vt. 197.

*Edwards, Dickerman & Young*, for the defendants.

The defendants are not concluded by the proceedings in the Probate Court.

As the defendants are not parties to the record, they are in no way affected by the judgment, unless they are privies thereto.

While it is true these female defendants are daughters of Mrs. Bradley, it is equally true, that they inherit nothing whatever from her or through her, and the orators do not claim or seek to recover on that ground; hence they are not privies in blood. *Sprague* v. *Waldo*, 38 Vt. 140; *Spencer* v. *Dearth*, 43 Vt. 98; *Douglass* v. *Howland*, 24 Wend. 35; *Foxcroft* v. *Nevins*, 4 Greenl. (Me.) 72; *Hayes* v. *Seaver*, 7 Greenl. 237; *Thomas* v. *Hubbell*, 15 N. Y., 405; *Jackson* v. *Griswold*, 4 Hill, 522; 3 Bac. Ab. 549; *City of Lowell* v. *Parker*, 10 Met. 315; Big. Est. 68, 78; *Gookin* v. *Sanborn*, 3 N. H. 491; *King* v. *Norman*, 56 E. C. L. 883; *Bramble* v. *Poultney*, 11 Vt. 208; *Woodstock Bank* v. *Downer*, 27 Vt. 539; *Ingalls* v. *Brooks*, 29 Vt. 398-401; Freem. Judgm. 188, 189; *Bank of Oswego* v. *Babcock*, 5 Hill, 152; *Knapp* v. *Marlboro*, 31 Vt. 674.

The contract is not enforceable against a married woman. *Brown* v. *Estate of Sumner*, 31 Vt. 673; *Davis* v. *Burnham*, 27 Vt. 562; *Ingraham* v. *Meed*, 44 Vt. 462; Tyler Inf. Cov. 314, 315, 316, 317, 318; *Dale* v. *Robinson*, 51 Vt. 27-29.

Equity will not enforce a married woman's contract as surety against her separate estate, unless the separate estate is charged by some instrument for that express purpose. *Yale* v. *Dederer*, 18 N. Y. 265; *Willard* v. *Eastham*, 15 Gray, 328; *Armstrong* v. *Ross*, 20 N. J. Eq. 109; *Peake* v. *LaBarr*, 21 N. J. Eq. 269.

The promise was within the Statute of Frauds. *Fullam* v. *Adams*, 37 Vt. 391; *Curtis* v. *Brown*, 5 Cush. 488; *Newell* v. *Ingraham*, 15 Vt. 422; *Aldrich* v. *Jewell*, 12 Vt. 127; *Tileston* v. *Nettleton*, 6 Pick. 509; *Sumner* v. *Conant*, 2 Vt. 453; *Durant* v. *Allen*, 48 Vt. 58.

The opinion of the court was delivered by

REDFIELD, J. This is a bill to redeem, and comes up on the report of the special master. The facts appear in the report. In consideration of the conveyance of the home farm of Mrs. Bradley to Mrs. Howe, the oratrix, her husband gave his notes of $1,000 to Mrs. Bradley; and for a like sum to each of the defendants, and secured them, by a mortgage of the premises. The note to Mrs. Bradley and the interest of the other two notes were to be paid to the orators, and constitute a fund in the orators' hands for the support of Mrs. Bradley, who was afflicted with a fatal disease. Some time afterwards, on representation that such fund, or income, was inadequate for the continued care and support of Mrs. Bradley, the defendants, who are daughters of Mrs. Bradley, and sisters of the oratrix, promised the orators that if they would continue to take good care of their mother, the excess of expenditure in her support, above the income provided for that purpose, should constitute a payment, in equal shares, of the principal of their notes.

I. It is true that the promise is not binding, as within the Statute of Frauds. "The defendants have not insisted upon the statute in their answer, or in the pleading. We understand this is necessary, otherwise the statute is waived." *Adams* v. *Patrick*, 30 Vt. 519. "When once proved, without objection to the manner of proof, it was a valid contract." *Strong* v. *Dedds*, 47 Vt. 348; *Montgomery* v. *Edwards*, 46 Vt. 151. But this

was an *executed* agreement, and when the services were rendered, it operated as a *payment*.

II. It is claimed that as one of the defendants was a *feme covert* at the time the promise was made, it is for that reason, without legal effect; but these services, when rendered, operated as a payment, of the debt which the orators owed the defendant, to the extent of the excess above the amount of Mrs. Bradley's note. The defendant, though a married woman, had the right to receive payment upon her note in such manner and kind as she elected, whether in money, grain, fruit or in food, nursing, and care of her mother during her last sickness; and when payment is made as agreed, it is a payment *pro tanto* of the note. And if this were not so, we think, under the circumstances of this case, such promise would be binding in equity upon a married woman, and enforceable against her separate estate. It was in the discharge of a duty she owed her mother, and therefore a benefit to herself.

But the more important question is the quality and effect of the judgment of the Probate Court, fixing the amount and value of orators' services for Mrs. Bradley.

The majority of the court think that the defendants are strangers to the judgment, and not concluded by it; and at most the judgment is only *prima facie* evidence of the debt, and that the case stands alone upon the facts found by the special master. And my own impressions in the case are not important. But the defendants were children and heirs of Mrs. Bradley; and their promise to pay the indebtedness of their mother beyond what she had, or should have assets to pay, made them generally and *specially* interested in the estate; and their promise, by natural intendment, had reference to the only *forum* known to the law, where *debts* and *assets* of an estate could be ascertained. Their relation to the estate was such, that if not satisfied with the judgment of the Probate Court they had the right of *appeal*. They had notice of the proceedings and were present in court, as witnesses. The promise was to pay all the orators' debt, which the assets of Mrs. Bradley's estate did not pay. The amount of

such assets and the conversion of them into money in the Probate Court, was in the nature of a proceeding *in rem*, and binding on these defendants, and conclusive. If the Probate Court had determined the assets of Mrs. Bradley were sufficient to pay the orators' claim, that judgment would have been a full defence for the defendants against the orators' claim ; and as the defendants' promise had reference to Mrs. Bradley's living the residue of life, including her last sickness and death, it seemed to me the parties contemplated the adjustment of her assets, and the expense of her last days, and last sickness, after her death, in the only way, and by the only tribunal known to the law, which is the course the orators have pursued. *Park-hurst* v. *Sumner*, 23 Vt. 538 ; *Chamberlain* v. *Godfrey et al.* 36 Vt. 380. See also *Robbins* v. *Chicago*, 4 Wall. 652. But I do not care to dwell on my personal views. further than to state that this part of the ruling was by a divided court. The master finds that " the orator's care and services during that time (from July 27, 1874 to May 17, 1875) were fairly worth $100," and " that it would be equitable for him to receive pay " for them. We think the orators should not be barred the recovery for what their services were "fairly worth," from anything that appears in the relation of the parties, and that sum should be allowed the orator. We think also that the orators should recover all taxable cost, that accrued from the contested claim of defendant's promise to pay a portion of the expense of Mrs. Bradley's care and support, on which contested claim the orators prevail ; and such portion of the master's fees and expenses, as the chancellor shall adjudge is a fair proportion of the time and expense that accrued in the examination of that issue, and no further cost allowed either party ; and that the orators have the right to redeem, by paying the balance of defendant's notes, as shall appear from the master's report, with the modification herein made.

The decree is reversed, and cause remanded.