### Jacob A. Henry et al. v. Ernst Heldmaier.

#### Gen. No. 4,667.

1. DECLARATION—*effect of unnecessary allegations in.* In an action of debt, it is held that unnecessary allegations will be rejected as surplusage.

2. DECLARATION—*when allegation that decree has not been performed is sufficient.* An allegation that a decree is in full force is equivalent to an allegation that such decree has not been performed.

3. DECREE—*against whom, competent as evidence.* A decree is evidence not only against the parties thereto but against those in privity with such parties who had knowledge of the pendency of the suit and full opportunity to defend the same.

4. SURETY—*judgment against principal competent evidence against.* A judgment against a principal is at least *prima facie* evidence against a surety where the surety had notice of the pendency of the action against the principal.

Action in debt. Appeal from the Circuit Court of Will county;

the Hon. Dorrance Dibell, Judge, presiding.  Heard in this court at the April term, 1906.  Affirmed.  Opinion filed October 16, 1906.

Frederick A. Hill and Donahoe, McNaughton & McKeown, for appellants.

Ira C. Wood and J. L. O'Donnell, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is an action in debt brought by Ernst Heldmaier, appellee, upon a bond executed by J. C. Regan, John F. Quinn, as principals, and the appellants, Jacob A. Henry and Werden Buck, as sureties, conditioned that if Regan and Quinn should in all respects keep and perform the contract which it is recited the principals made with plaintiff, it should be void; otherwise to remain in full force and effect.

The declaration contains only one count, the amended second.  To this a demurrer both general and special was filed, and being overruled defendants elected to stand by their demurrer.  A default *nil dicit* having been entered, the evidence was heard by the court and judgment rendered for the penalty of the bond in debt and damages in the sum of $7,500.  Henry ad Buck made a motion to set aside the judgment, and the motion being overruled, bring the case to this court by appeal.

The ruling of the court on the demurrer to the amended second count and the sufficiency and competency of the evidence to sustain the judgment, are the only questions argued by appellants on their assignments of error.

The amended second count alleges in substance: The plaintiff by leave, etc., complains of the defendants, J. C. Regan, John F. Quinn, Jacob A. Henry and Werden Buck, on a plea that they render to the plaintiff the sum of seventy-five hundred dollars which they

owe. For that whereas, the defendants on the 8th day of February, 1899, by their writing obligatory bearing date of that day, sealed with their seals, jointly and severally acknowledged themselves to be held and firmly bound unto the plaintiff in the sum of $7,500, etc., which said writing obligatory was and is subject to a certain condition therein, reciting that the above bounden Regan and Quinn have entered into a certain contract in writing with plaintiff bearing date the 8th day of February, 1899, for the furnishing of labor and materials in and about the construction of a certain portion of the sanitary canal described in said contract between Regan and Quinn and plaintiff, and providing that if Regan and Quinn should well and truly keep and perform the said contract in the time and manner therein described, etc., then said obligation to be void; otherwise in full force; that it was further stipulated that said sum of $7,500 should be the agreed and liquidated damages for the breach of said bond and not in the nature of a penalty; yet the said defendants did not keep and perform the obligation of the said writing, but wholly failed and by way of assignment and breach of the condition of said writing obligatory, plaintiff says that said J. C. Regan and John F. Quinn on the 8th of February entered into a certain contract obligatory (the contract being here in the count inserted at length) between plaintiff and Regan and Quinn, under the firm name of J. C. Regan & Co. for the performance of certain work particularly described on the sanitary canal, and containing provisions as to the manner and time of doing the work. The substance of the contract being that it is to be performed under the direction of and to the satisfaction of the engineer of the sanitary district; that time is the essence of this agreement; that Regan and Quinn are to maintain on said work sufficient workmen to perform in each and every month and they shall perform in each and every month the full

*pro rata* of the work herein agreed, which was to be completed by September 1, 1899; and that upon notice that a sufficient number of men are not upon the work they will forthwith increase the number; that upon failure of Regan and Quinn to keep any of the covenants, Heldmaier may take possession, and shall have the right to hire other parties to complete the contract and charge any excess of cost over the stipulated price to Regan and Quinn. For the performance of said covenants, Regan and Quinn agree to furnish at the time of signing this contract a bond executed by them with appellants as sureties, in the sum of $7,500 which it is agreed shall be liquidated damages and not in the nature of a penalty; avers that Regan and Quinn did not keep and perform said contract and alleging various breaches, and that on August 17th, Heldmaier took possession of the work, because of the default of Regan & Co. and completed it and has expended, to wit, $30,000 in excess of the amount agreed to be paid.

The count then alleges that afterwards J. C. Regan and John F. Quinn filed their bill of complaint, in the Circuit Court of Will county on the chancery side, against plaintiff and one George M. Campbell, setting forth the agreement of February 8, 1899, between plaintiff and Regan and Quinn, and alleging that J. C. Regan & Co. entered upon the performance of the same, and that on August 17, 1899, while they were engaged in performing the work required by the contract, without any notice to Regan and Quinn or either of them, as required by said contract, that they were in default, Heldmaier took possession of all their machinery and tools and has retained it, and praying that Heldmaier be required to answer and render an account and pay Regan and Quinn whatever may be found due them by reason of appellee taking possession of said contract and tools; that afterwards appellee filed his answer and a cross-bill in said cause, setting up both the contract of February 8, 1899, and the bond of Feb-

ruary 8, 1899, sued on in this case, and that Regan & Co. entered upon the work and made default, and that the chief engineer several times decided the work of Regan & Co. did not comply with the contract, and that Heldmaier made repeated demands in writing upon Regan & Co. to comply with their contract; that a written notice was served on the sureties, Henry and Buck, on August 16th that Regan & Co. had made default, and that on failure of defendants to comply with such notice, he, Heldmaier, took possession and completed the contract, and that by reason of said failure of Regan & Co. Heldmaier has suffered damages to the amount of $28,249.33, and alleged Henry and Buck are liable to pay the amount under the bond; prays for an accounting and makes Regan, Quinn, Henry and Buck defendants, and prays for summons; that process of summons was served upon Henry and Buck; that Regan and Quinn filed their answers and Henry and Buck appeared and filed demurrers to the cross-bill and the cross-bill was dismissed as to Henry and Buck; that a hearing was had and decree made finding the equities with Heldmaier and that he was entitled to the relief prayed in the cross-bill and that Regan and Quinn had failed to perform the terms of the contract, and had failed to keep sufficient men to complete the monthly *pro rata* of the work, and ordering an accounting and referring the cause to the master in chancery; that the master made a report and on final hearing the court rendered a decree finding $25,526.25 to be the amount due Heldmaier from Regan and Quinn because of their default in the contract for which the bond was given; that said decree still remains in full force and not reversed, appealed from or set aside; whereby an action has accrued to the plaintiff to recover from defendants, etc.

The first assignment of error is that the court erred in overruling the demurrer to the amended second count. It is insisted that the count is bad for duplicity,

and that it contains different grounds of action to enforce a single right of recovery. Appellants in their assignment say that "declaring on the bond and assigning breaches thereof, and pleading the decree rendered in the chancery proceeding, either constitutes duplicity, or so much of the count as is devoted to pleading the proceedings and decree in chancery is surplusage, and as such is obnoxious to a special demurrer."

Where unnecessary allegations are made in a declaration which are irrelevant, they will be rejected as surplusage. Such allegations will not vitiate even on special demurrer. Burnap v. Wright, 14 Ill. 301; 1 Chitty Pl. (15 ed.), 230; Stephen on Pl., 424 (star paging); 21 Ency. of Pl. & Pr., 234; Coke on Lit., 303.

The allegations of the declaration in setting up the chancery proceedings may be unnecessarily prolix, but they do not set up a different cause of action. The cause of action is the bond executed by the appellants and their principals, the condition of which is alleged to have been broken by the principals. The chancery proceedings are set out to show to the court that appellants were given an opportunity to have their day in court in a suit involving the question of whether Regan & Co. as principals had made default in the performance of the condition of the bond, and averring that there had been default, and that appellants were given an opportunity to defend both on the question of default, and upon the assessment of damages. Regan and Quinn had begun a chancery suit against Heldmaier upon the contract, claiming they had performed, and Heldmaier had begun a cross-action against the principals and sureties on the bond given as a guarantee for the performance of the contract, claiming there had been a default, and that he was entitled to damages on the contract, and that under the bond Regan, Quinn and appellants were held to pay damages. The recitals of the declaration were only pleading notice of that suit

and did not set forth any different or other cause of action as a ground for recovery. Wanack v. People, for use, etc., 187 Ill. 116.

Appellants insist the appellee "should have averred in the count a performance of all conditions precedent," and that the "giving of notice by Heldmaier is a condition precedent to his right to declare a forfeiture." The bond is the cause of action, and there is no condition whatever in the bond that Heldmaier was to perform. Their principals had contracted to fulfil a contract, and appellants obligated themselves unconditionally to be responsible for the default of their principals.

The declaration alleging that the decree pleaded "is in full force and effect, not reversed, appealed from or set aside," is sufficient and not subject to demurrer, because it does not in terms allege it has not been performed. The allegation that it is in full force is an allegation that it has not been performed or paid. 11 Ency. of Pl. & Pr., 1145. The declaration set forth a good cause of action, and the demurrer was properly overruled.

The only remaining question is the competency and sufficiency of the evidence to sustain the judgment. The trial was before the court without a jury. The original files in the chancery suit in Will county begun by Regan and Quinn to recover from Heldmaier for work on the original contract, and in the cross-bill filed by Heldmaier against Regan, Quinn and appellants with the summons and return of service thereof on appellants, and demurrer filed by them, with the report of the master and final decree, were admitted in evidence over the objections of appellants.

That appellants had notice of the cross-bill of Heldmaier against their principals and knew of the questions therein litigated, is not questioned. They filed a demurrer and for some reason the bill was dismissed as to them. The question litigated in that suit was, did

Regan and Quinn perform their contract or make default in its performance, and if default was made, what were the damages to appellee? The court on a contest found against Regan and Quinn and assessed damages in the sum of $25,526.55 against them for loss sustained by Heldmaier by reason of their default in performance of the contract of February 8, 1899, which the bond was given to secure. They had every opportunity to defend. Under such circumstances was the decree evidence against them?

The leading case in this state upon the question involved is Drennan v. Bunn, 124 Ill. 175. Drennan, the purchaser by assignment of a note secured by trust deed, had begun a suit in foreclosure against the maker; the maker set up the defense of usury; the defense being successful, the purchaser sued the assignor for the amount he had lost as evidenced by the judgment and sought to introduce the judgment as evidence against the assignor, the payee. The payee had been called as a witness in the foreclosure case so that he knew of the pendency of the suit, but he denied that he was bound by the judgment for the reason he had not had notice to defend against the usury question, or that he would be held responsible over. The court in deciding the question says: "The only question, in this connection, upon which we find any diversity in the authorities, is whether it is indispensable that the indemnifying party should, in addition to having notice of the pendency of the litigation, be requested to take charge of it, and notified that if he fail, he shall be held responsible. * * * We are unable to perceive why, in this case, more than in any other, a party shall have been requested to do that which was his duty to do without request, or how a notice that he will be held responsible can be necessary, where he is, by contract, already legally responsible. * * * 'This principle is established by the great weight of authority, that where one stands in the position of indemnitor to an-

other who is liable over to a third party, his liability may be fixed and determined in the action brought against such third party, by notice of the pendency of such action and an opportunity offered him to defend it.' "

The sixth proposition in the Drennan case which was refused by the Circuit Court was, "That the final decree of the Circuit Court of Christian county, in the case of Drennan v. Huskey et al., in evidence in this case, together with the further proof that said Bunn, defendant, had actual knowledge of the pendency of said suit, and did appear and testify as a witness, is conclusive against the defendant in this cause as to each and every issue found by said decree."

The Supreme Court reversed the cause, holding that the Circuit Court should have held the proposition to be the law, and that the trial court should also have held the fifth proposition to be the law where the word "notice" was substituted for the word "knowledge." In the Drennan case the court cited at length from and reviewed a great number of authorities. In addition to the authorities cited by the Supreme Court in that case, it was held in Wanack v. the People, *supra,* that a judgment against a saloon keeper and the owner of the building, recovered under section 5 of the Dram-Shop Act, is *prima facie* evidence as to the amount of damages in a suit against the saloon keeper's surety, especially if the latter had notice of that suit and an opportunity to defend. In Myers v. Purcell, 214 Ill. 62, it was held that where one who is responsible over to another by contract of indemnity is notified of the pendency of a suit involving the subject-matter of the indemnity, his liability is fixed by the judgment rendered, and notice will be implied if he participates in the defense of the suit.

The U. S. Circuit Court of the District of Columbia held in McLaughlin v. Bank of Potomac, 7 Howard, 220, that "a judgment against the administrator of an

indorser is evidence against the surety of the administrator or against a fraudulent grantee of the intestate debtor. * * * If the administrator is estopped, as he is, to deny the indebtedness, so must his surety, *prima facie* at least."

Berger v. Williams, 4 McLean, 577, in the U. S. Circuit Court for the 7th circuit, was a case where Berger and one Stevens being in partnership, Stevens purchased the stock and gave bond with Williams in the penalty of $20,000 conditioned "to discharge and pay all debts and engagements due by the said firm and to which it might be liable, be the same of whatever nature. * * * Judgment for the penalty was recovered on this bond, and a *sci. fa.* in the name of plaintiff alleges a breach, etc., and to recover a debt due Chauncey Moss against the late firm, in the State of New York." There was a demurrer to the sufficiency of the breach on the ground that setting forth the judgment was not sufficient that the consideration or cause of action on which the judgment or cause of action was rendered should have been averred. "Is the judgment against the late firm in the State of New York evidence in this case?" The court said: "We think it is, though it may not be conclusive evidence. The defendant is not a stranger to the judgment, though he is not a party to it; he has covenanted to pay this debt jointly with Stevens, if it were a genuine debt for which the late firm of Berger & Stevens were liable. The judgment establishes the liability, unless fraud be shown, and this the surety may show, and further he may show a mistake in the amount of the judgment." In Drummond v. Prestman, 12 Wheaton, 574, it was held "that a judgment was *prima facie,* though not conclusive evidence against a guarantor. He may show a clerical mistake in the calculation of the judgment or that it was obtained through collusion or fraud." The principle that a judgment against a principal is at least *prima facie* evidence against a surety where the surety

had notice of the pendency of the action against the principal, is held in Heiser v. Hatch, 86 N. Y. 614; Robbins v. Chicago, 4 Wallace, 657; Stephens v. Shaffer, 48 Wis. 54; Noble v. Copes, Admr., 50 Pa. St. 17; Chamberlain v. Godfrey, 36 Vt. 380; Jacobs v. Hill, 2 Leigh, 393; City of Boston v. Worthington et al., 10 Gray, 496; Ryerson v. Chapman, 66 Me. 563; Blasdale v. Babcock, 1 Johns, 516.

We are of the opinion the judgment against Regan and Quinn was *prima facie* evidence against appellants. The appellee has minutely stated in his declaration the consideration and origin of the judgment, and appellants, if the judgment was wrongful, collusive or fraudulently enhanced, could have impeached it. The judgment will be affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL, having heard this case in the lower court, took no part in its decision here.