BALLANTINE & SONS *v.* ETTA M. FENN AND FRED FENN.

Special Term at Rutland, November, 1910.

Present:  ROWELL, C. J.; MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 9, 1911.

*Husband and Wife—Principal and Surety—Suit against Surety—*
*Judgment against Principal—Admissibility against Surety*

Where judgment against the principal is necessary to fix the liability of a
surety or guarantor, or where the latter expressly, or by reasonable
implication, agrees to abide such judgment, it is conclusive against
him though not a party thereto, otherwise it is not even evidence
against him.

In a proceeding against husband and wife to foreclose a mortgage given
by her as surety for him, a judgment obtained by the creditor against
the husband in bankruptcy is not admissible either to establish liability
or the amount of it, there being nothing in the contract which binds
the wife to abide a judgment against her husband.

APPEAL IN CHANCERY. Heard on the pleadings, master's
report and exceptions thereto by Etta M. Fenn, at the March
Term, 1910, Rutland County, *Hall*, Chancellor. Exceptions
overruled, and decree for the petitioner. Etta M. Fenn
appealed.

The mortgaged premises were the property of the wife,
and she signed both the mortgage and the note secured thereby,
the note being for her husband's debt. The judgment in bank-
ruptcy consisted of the allowance of that note by the court
of bankruptcy as a claim proved by the mortgagee against the
husband's estate in bankruptcy.

*Charles L. Howe* for the petitionee.

It was error to admit proof of the judgment in bankruptcy
against the husband, as the wife was not a party to that pro-
ceeding and could not be bound thereby. *Nason* v. *Blaisdell,*
12 Vt. 165; *Knapp* v. *Town of Marlboro,* 31 Vt. 674; *Gerrish* v.
*Bragg,* 55 Vt. 329. The wife was a surety, and as such is favored

by the law, which always strictly construes a contract of surety-ship. *State Treasurer* v. *Mann*, 34 Vt. 371; *Town of Ferrisburg* v. *Birkett*, 60 Vt. 330; *Miller* v. *Stewart et al.*, 9 Wheat. 680. Her contract so construed shows that she did not agree to be bound by a judgment against her principal, and without that she is not bound thereby. *McConnell* v. *Poor*, 52 L. R. A. 312; *Chamberlain* v. *Godfrey*, 36 Vt. 380.

*Lawrence, Lawrence & Stafford,* and *Thomas W. Moloney* for the petitioner.

A surety is bound by the judgment against his principal, and hence, the judgment in bankruptcy against the husband is binding on the wife in this proceeding. *Tute et al.* v. *James et al.*, 50 Vt. 124; *Chamberlain* v. *Godfrey*, 36 Vt. 380; *Bradley* v. *Chamberlain*, 35 Vt. 277; *Tracey* v. *Goodwin*, 87 Mass. 409; *Dennie* v. *Smith*, 129 Mass. 143; *Alkire Grocery Co.*, v. *Richesin*, 91 Fed. 79; *Burges* v. *Simon*, 45 N. Y. 225; *Central Trust Co.* v. *Charlotte C. & A. R. Co. et al.*, 65 Fed. 257.

POWERS, J.  This is a petition in behalf of a New York corporation to foreclose a mortgage on certain premises in Rutland given by a wife as surety for her husband,—the latter joining in the conveyance. The husband, Frederick Fenn, was subsequently adjudged a bankrupt, and the petitioner presented its claim against him in the Court of Bankruptcy, and without fraud or collusion, there obtained a judgment for a certain sum against Fenn. The only question here involved is the amount due in equity under the mortgage; and as the case is presented this depends upon the admissibility and effect of the judgment of the Court of Bankruptcy as against Mrs. Fenn who was not a party to it. When a certified copy of this judgment was offered in evidence at the hearing before the master, the defendant, Etta Fenn, objected on the ground that it was neither conclusive nor admissible against her, since she was in no sense a party to it. Subject to her exception it was admitted and held to be conclusive of the amount due from Fenn, not only against him, but against Mrs. Fenn as well,

and evidence offered by her tending to show that the sum due was less than that found by the Court of Bankruptcy was rejected.

Stated abstractly the question is, Is a judgment against a principal admissible in a suit against his surety, and if so, what is its effect? ·

Though it would be difficult to find in the books a question on which the cases are in more hopeless conflict—some holding that such judgment is *inter alios* and inadmissible, some, that it is *prima facie* evidence of the sum due from the surety, and still others, that it is conclusive evidence of the sum so due— we think there is enough to be found in our own cases to furnish a safe guide for the determination of the question.

In *Bramble* v. *Poultney,* 11 Vt. 208, it was held that a judgment against a constable in a suit of which the town had no notice, was not conclusive evidence against the town. The question whether or not it was *prima facie* evidence was left undecided. It was pointed out in that case that a suit against the constable was not necessary to a suit against the town, and that therein the case differed from one in which it was sought to charge the sureties of a sheriff and high bailiff—in which (it was said) a judgment must first be obtained against the officer, and then be affirmed against the bondsmen. Accordingly, it was held in *Bradley* v. *Chamberlain,* 35 Vt. 277,—though the statute somewhat influenced the decision—and in *Tute* v. *James,* 50 Vt. 124, that a judgment against a sheriff was conclusive against his bondsmen, and in *Chamberlain* v. *Godfrey,* 36 Vt. 380, 84 Am. Dec. 690, that a judgment against a sheriff was conclusive against the sureties of his deputy.

Judge Redfield, in *Fletcher* v. *Jackson,* 23 Vt. 581, divides these cases into two classes, saying: "The general rule un- doubtedly is that in a collateral undertaking by way of guaranty, where a suit [against the principal] is necessary to fix the liability of the guarantor, the first judgment is *prima facie* evidence of the default. But where the guarantor is liable without suit against the principal, the judgment against him is regarded as strictly matter *inter alios.* * * * * Where the suit may, in the first instance, be brought directly against the guar- antor, the judgment against the principal, without notice to the guarantor, is not evidence; and so, too, if the guarantor

have notice of suit against the principal, he is not obliged to concern himself in its defence, but may await a suit against himself, and then insist upon the right to contest the whole ground.    The cases of joint and several obligors, and especially of sureties and co-sureties, as a general rule, we apprehend, have been ranked under the latter class of cases." It may be true, as suggested by Judge Redfield, that this proposition was not strictly necessary to a decision of the case then in hand, and so not entitled to be regarded as an authority, but the point was argued by counsel and the case seems to be regarded outside the State as an authority on the question for it is very generally so cited.

Judge Aldis, too, in *Chamberlain* v. *Godfrey*, 36 Vt. 380, divides these cases into two classes, saying, in effect, that when a surety, either expressly or by reasonable implication from the nature and intent of his obligation, stipulates to pay the damages and costs which may be recovered against his principal, or otherwise to abide the judgment or decree against the principal, he is bound by the judgment, though he has no notice of the suit.    But when a surety merely becomes holden for the payment of money—as, for instance, a surety on a promissory note— or the performance of some act on the part of the principal, he is not bound by the judgment.

It is apparent from the foregoing that, in this State at least, these contracts are classified and that a different rule applies to one class than to the other.    Nor do we think that there is any conflict or inconsistency in the two forms of stating the rule.    On the other hand, we think they are fundamentally and practically the same thing.    It is plain enough that the case in hand falls into that class in which a judgment against the principal is not admissible at all, either to establish liability or the amount of it, for a judgment against Fenn was not a pre-requisite to a right of action against his wife—if we are to apply the rule as stated by Judge Redfield,—nor is there anything in the contract or in its nature or object which expressly or by implication binds the wife to abide the judgment against her husband—if we are to apply the rule as stated by Judge Aldis. It follows that the certified copy was improperly admitted

and that the offered evidence (if otherwise admissible) was improperly excluded.

*Reversed and remanded.*