EZEKIEL R. COLT & others *vs.* CHARLES S. BROWN.

In an action by the receivers of a bank, appointed under *St.* 1851, *c.* 127, upon a debt contracted before the institution of proceedings against the bank, the defendant may set off debts held by him before the commencement of such proceedings; but not debts purchased since their commencement, although before the perpetual injunction.

ACTION OF CONTRACT by the receivers of the Cochituate Bank upon a bill of exchange and a promissory note. The defendant filed a declaration in set-off, and the case was submitted to the determination of the court upon the following facts:

An injunction issued from this court against the Cochituate Bank on the 15th of April 1854, restraining it from paying any bill, deposit or other debt, negotiating, assigning or transferring any security, and transacting any business, except receiving payment in cash of any debt falling due. This injunction was continued from time to time, and finally made perpetual on the 5th of June. On the 20th of April the plaintiffs were appointed receivers. The bill and note sued upon did not become due until after the appointment of the plaintiffs as receivers. When

they did become due, the defendant offered in payment bills of the Cochituate Bank to the amount of $1750, and a check drawn by the Cochituate Bank on a bank in New York, for $3000, duly protested. The plaintiffs refused to receive them in payment of these debts, but offered to give to the defendants certificates of these such as were given to other billholders and creditors of the bank. Of this sum of $4750, the plaintiff held only $1200 when the first injunction was granted, and $1400 when the plaintiffs were appointed receivers, but the whole when the injunction was made perpetual.

*H. W. Paine & T. F. Nutter,* for the plaintiffs, cited *St.* 1851, *c.* 127, § 5; *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480; *Farmers & Mechanics' Bank* v. *Jenks,* 7 Met. 592; *Haxtun* v. *Bishop,* 3 Wend. 13.

*E. F. Hodges,* for the defendant. Under the Rev. Sts. *c.* 96, the defendant has the right to set off his demands against the bank, and this right is not affected by the Rev. Sts. *c.* 44, or the *St.* of 1851, *c.* 127, (which make no rules of set-off for this case); nor by the decrees of this court in the proceedings against the bank, which do not in terms and could not in law so change the legal or equitable title to the property of the bank as to interfere with the defendant's rights of set-off. The whole power of the court, being given by statute, cannot be enlarged by intendment. *Attorney General* v. *Life & Fire Ins. Co.* 4 Paige, 224. *Booth* v. *Clark,* 17 How. 322.

The plaintiffs sue as receivers of the bank, and not as having title in themselves. The notes remaining the property of the bank, either absolutely or as *cestuis que trust,* the law entitles the defendant to his set-off. *Sheldon* v. *Kendall,* 7 Cush. 217. *Aldrich* v. *Campbell,* 4 Gray, 284. *Smith* v. *Hill,* 8 Gray, 572.

The proceedings against the bank were not such a sequestration of the notes as to prevent this set-off. The court and its officers take possession of the bank subject to all existing liabilities and liens. *Hubbard* v. *Hamilton Bank,* 7 Met. 340. The court, in placing the plaintiff's debt in the hands of receivers, did not increase its value by relieving it from liability of being met by a set-off. Nor did it limit the rights of a

purchaser of bills of the bank, nor diminish the value of those bills, by destroying their capability of being used as a set-off. *Crease* v. *Babcock,* 10 Met. 561. No notice was given to the world of change or sequestration, and none ordered until after the 5th of June.

The case of *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480, is distinguishable from this. The charter of the Nahant Bank had been repealed before the suit was brought, and the proceedings were under the Rev. Sts. *c.* 44. That suit was in equity for an injunction against enforcing an attachment at law, implying that at law the attachment was good. And a creditor seeking actively to obtain an advantage by attachment does not stand like a debtor filing a set-off in defence of an action brought against him.

This court has allowed set-off in similar cases. *Commonwealth* v. *Phœnix Bank,* 11 Met. 129. *Hallowell & Augusta Bank* v. *Howard,* 13 Mass. 235. At least, the defendant may set off the $1200 held by him before proceedings of any kind. *Sheldon* v. *Kendall,* 7 Cush. 217. *Hubbard* v. *Hamilton Bank,* 7 Met. 340.

SHAW, C. J. The first injunction, having been from time to time continued and ultimately made perpetual, had the effect of sequestrating and setting apart the assets of the bank as they stood at that time. The defendant having then bills of the bank, taken in the course of business, to the amount of $1200, this was an equitable set-off, and the receivers took the assets subject to that equity. To allow any further set-off would be inconsistent with the intent and spirit of the statutes, and would essentially effect a preference in favor of debtors to the bank by enabling them to pay in a depreciated medium. *Atlas Bank* v. *Nahant Bank,* 23 Pick. 480.

The rule thus adopted is quite within the principle of the doctrine of assignment. An assignment may be made of a chose in action, giving the assignee a good title in equity. The suit must be brought in the name of the assignor. But it was early held in such a case, that the debtor, after notice of the assignment, could not buy up notes of the assignor and set

them off in the suit brought in his name for the use of the assignee. *Makepeace* v. *Coates*, 8 Mass. 451. This principle was afterwards embodied in the Rev. Sts. *c.* 96, § 10.

This assignment is for the benefit of a large class of creditors in a due course of legal proceeding. It is conceded that the first injunction was of great notoriety, and immediately impaired the credit of the bank and its bills. The injunction prohibited the bank from paying its outstanding bills, and also from receiving payment of any security otherwise than in cash. The negotiability of the bills was not altered by the proceedings; but whoever took them took the title of the holder. *Crease* v. *Babcock*, 10 Met. 525.

*Judgment for the plaintiffs, deducting the* $1200.