WILLIAM J. HYNES

*v.*

THE ILLINOIS TRUST AND SAVINGS BANK *et al.*

*Opinion filed February 21, 1907—Rehearing denied April 3, 1907.*

1. INSOLVENCY—*equity administers assets upon principle that equality is equity.* A court of equity having acquired jurisdiction of the assets of an insolvent corporation for the purpose of administering upon them will administer them upon the principle that equality is equity, and will distribute such assets ratably among all creditors, having due regard for the legal rights and preferences existing before the jurisdiction was acquired.

2. SAME—*rights and liabilities are fixed at time receiver is appointed.* The rights and liabilities of creditors and debtors of an insolvent corporation are fixed and determined as of the time of the appointment of a receiver.

3. SAME—*defenses against bonds existing when receiver was appointed may be urged against subsequent purchaser.* Defenses which could have been made against the holders of bonds of an insolvent corporation at the time the receiver was appointed may be made against any one purchasing them with notice after the receiver was appointed.

4. SAME—*when claim on bonds may be set off against decretal judgment against stockholder.* An attorney who defends a stock-

holder of an insolvent corporation in a suit, under section 25 of the Corporation act, to enforce such stockholder's liability for debts of the corporation, and who, after the appointment of the receiver, acquires from his client bonds of such corporation, occupies no better position than his assignor, and his claim, based upon such bonds, may be set off against the decretal judgment against the stockholder for the unpaid balance due on his stock.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

This is an appeal from a judgment of the Appellate Court affirming a decree entered October 4, 1904, by the circuit court of Cook county, disallowing the claim of appellant against the Pacific Railway Company, an insolvent corporation, then in the hands of a receiver.

This company was organized under the laws of this State August 23, 1889, and in January, 1891, a judgment creditor filed a bill, for himself and other creditors, against said company under section 25 of the Incorporation act, to enforce the stockholders' liability for the purpose of paying the debts of the company. A receiver was appointed January 19, 1891, and is still acting. The bill alleged that C. B. Holmes was a stockholder, and as such was indebted to the company. Later, as of December 4, 1891, the law firm of which appellant was the senior member filed Holmes' answer, in which it was alleged that at the time the bill was filed Holmes owned 527 shares of the capital stock of the company fully paid, and that he was a creditor to the amount of $200,000. The cause was referred to a master, who afterwards reported his finding of fact and law, and the circuit court, on July 1, 1898, entered a decree holding the stockholders, including among them Holmes, liable at the sum of $68 per share on each share of the stock held by them, respectively, at the date of the filing of the bill. Later on, after a further reference and report from the master, a decree was entered January 8, 1900, against Holmes, fixing his liability as a stockholder

of said company at the sum of $31,620, with interest from August 1, 1898. Execution having been issued on said decretal judgment, it was thereafter returned wholly unsatisfied.

The record sets forth that some time between January, 1891, and April, 1894, Holmes became indebted to appellant for $5000 for legal services rendered and to be rendered said Holmes in the litigation over the appointment of the receiver and allied proceedings, and that during the same interval the said appellant had loaned said Holmes certain moneys, so that on or about April, 1894, the entire indebtedness amounted to $20,000; that in payment of this indebtedness said Holmes in October, 1894, and after the appointment of the receiver, transferred to appellant thirty bonds of the Pacific Railway Company, of the face value of $1000 each, payable to bearer on January 1, 1920, bearing six per cent interest, which bonds said Holmes had owned since some time before the receiver was appointed. Appellant filed his claim in this cause upon said thirty bonds July 19, 1898. The master reported in favor of allowing the claim, but the chancellor, on the hearing on the master's report, sustained exceptions filed thereto as to this claim of appellant and dismissed the claim. The chancellor found that appellant, when he purchased said bonds, was defending said Holmes in this cause, and knowing that Holmes had not paid for his stock and was liable thereon at the time of his purchase, appellant stood in no better position than Holmes would stand if he still retained and owned said thirty bonds, and that the decree rendered against said Holmes upon his stock liability should be set off against the claim made by appellant upon said bonds. The decree also found that all of the assets of the company had been collected and that they were only sufficient to pay forty-four and one-half per cent of the indebtedness; that hence the amount of said decretal judgment against said Holmes largely exceeded the amount due on said thirty bonds, and that there was nothing due to appellant from said estate.

226—7

NATHANIEL C. SEARS, and EDWARD C. HIGGINS, for appellant:

The decretal judgment against a stockholder on his stock liability in favor of the creditors of the corporation cannot be set off against the liability of the corporation on its bonds in the hands of an assignee, because the mutuality necessary to a set-off, either at law or in equity, is lacking. Thompson on Corp. sec. 3787; *Sawyer* v. *Hoag,* 84 U. S. 610; *Burget* v. *Robinson,* 113 Fed. Rep. 669; *Liquidators* v. *Troop,* 16 Sup. Ct. of Can. 456; *Osgood* v. *Ogden,* 43 N. Y. 70; Rev.. Stat. chap. 32, sec. 25.

The same rule as to mutuality in the case of set-off is applied in equity as in law. *VanBuren* v. *VanGaasbeck,* 4 Cow. 496; *Elder* v. *Lasswell,* 2 Blatchf. 349; *McDonald* v. *Nielson,* 2 Cow. 139; *Bung Manf. Co.* v. *Armstrong,* 34 Fed. Rep. 94; *Hackett* v. *Connett,* 2 Edw. Ch. 72; *Duncan* v. *Lyons,* 3 Johns. Ch. 351.

The right to apply one decree against another, by motion to a court of equity, exists only in those cases where the debts on both sides have been finally liquidated by decree before the assignment of either to a third party. Waterman on Set-off, (2d ed.) 398.

The bonds in question are negotiable instruments, and the purchaser of the same for value and before maturity took them free from set-off of the assignor's liability on his stock. 5 Thompson on Corp. sec. 6081; *Clow* v. *Yount,* 93 Ill. App. 112.

A negotiable instrument purchased before maturity is not subject, in the hands of the assignee, to collateral demands (or to counter-claims, unless they arise out of the same transaction in which the negotiable paper is given,) which the maker may have against the assignor, notwithstanding the assignee, at the time of the assignment, has knowledge of such counter-claims or demands. *Borrough* v. *Moss,* 10 B. & C. 558; *Whitehead* v. *Walker,* 10 M. & W. 696; *Patterson* v. *Wright,* 64 Wis. 289; *Trust Co.* v. *Rail-*

*way Co.* 52 Fed. Rep. 342; *Williams* v. *Brown,* 41 N. Y. 486; Rev. Stat. chap. 98, sec. 12.

The above rule is not changed by the insolvency of the maker, or the fact that the maker is a corporation in the hands of a receiver or in process of liquidation at the time of the assignment of the negotiable. instrument. *In re China Steamship Co.* L. R. 7 Eq. 240; *In re General Estates Co.* L. R. 3 Ch. App. 758; *In re Agra Bank,* L. R. 2 Ch. App. 391; *Haxton* v. *Bishop,* 3 Wend. 15; *Bank* v. *Capron,* 22. Conn. 638.

EDWIN WALKER, and JOHN BARTON PAYNE, for appellees:

The respective rights and liabilities existing between an insolvent corporation and its creditors and debtors become fixed when its insolvency occurs and when it passes into the hands of the receiver appointed by the court. *Richmond* v. *Irons,* 121 U. S. 27; *Bank* v. *State Savings Ass.* 114 U. S. 265; *Balch* v. *Wilson,* 25 Minn. 299; *Colt* v. *Brown,* 78 Mass. 233.

Where the creditors of an insolvent corporation are also stockholders, and a decree or judgment has been entered against such stockholders for the amount of unpaid stock for the benefit of creditors, the rule is, that if their debts are proved the court may decree that the dividends ordered to be paid creditors out of the assets of the insolvent may be applied on the judgment or decree entered against the stockholders. *King* v. *Armstrong,* 34 N. E. Rep. 163; *Sowles* v. *Witter,* 40 Fed. Rep. 413; *Stone* v. *Dodge,* 56 N. W. Rep. 75; *Scott* v. *Armstrong,* 146 U. S. 499.

When a court of equity acquires jurisdiction over the assets of an insolvent corporation it will administer the assets upon the principle that equality is equity, and will distribute such assets ratably among the creditors, paying due regard to rights existing at the time it takes jurisdiction. *Blair* v. *Steel Co.* 159 Ill. 361; *Roseboom* v. *Whittaker,* 132 id. 81;

*Ex parte Deey*, 2 Coxe, 423; *Ex parte Rogers*, Buck's Bank. Cas. 490.

A court of chancery will not permit a stockholder to escape the payment of his stock subscription and obtain payment on indebtedness due him from the insolvent corporation by assigning his claim to his solicitors; and the fact that such claim was upon bonds due at a future date is wholly immaterial when the estate is being administered by a court of chancery.

Per Curiam: Appellant insists that the decretal judgment against Holmes on his stock liability in favor of the creditors cannot be set off against the liability of the corporation on these bonds in appellant's hands, even with notice, because the mutuality necessary to a set-off, either in law or equity, does not exist; that the bonds in question are negotiable instruments, and as they were purchased for value by appellant before maturity he took them free from any set-off that could be urged against the liability of Holmes on his stock. We have gone over the authorities cited in the very exhaustive briefs of counsel, and would be inclined to agree with these contentions of appellant if these bonds had been assigned to him before the receiver was appointed by the circuit court for the Pacific Railway Company. Few authorities have been cited (and we have been able to find no others in our own research) which are similar, as to facts, to the case now under consideration. The cases in which the facts are most nearly similar are *Ex parte Deey*, 2 Coxe, 423, and *Ex parte Rogers*, Buck's Bankruptcy Cas. 490. These decisions are against the contention of appellant.

Counsel argue that the decisions in bankruptcy matters cannot be held conclusive in proceedings not under the bankruptcy laws. While it is true they may not be conclusive, still the reasoning in these cases, not being based upon the special wording of the Bankrupt act, must necessarily have great weight as to the general questions of law involved therein.

Appellant practically admits in his brief that if Holmes had remained the owner of these bonds at the time the decretal judgment was rendered against him, then a court of chancery could compel him to pay his judgment on stockholder's liability before it would allow him any dividend on these bonds.  We have held that when a court of equity acquires jurisdiction of the assets of an insolvent corporation for the purpose of administering upon them, it will administer them upon the principle that equality is equity, and will distribute such assets ratably among all the creditors, having in mind the legal rights and preferences existing before the jurisdiction was acquired.  (*Blair* v. *Illinois Steel Co.* 159 Ill. 350.)  The rights and liabilities of the creditors and debtors of the insolvent corporation are fixed and determined at the time of the appointment of the receiver.  All the defenses that could have been made against the holders of these bonds at the time the receiver was appointed can certainly be made against anyone who purchased them with notice after said receiver had been appointed.  The bankruptcy cases heretofore referred to, hold that these defenses can be made in bankruptcy cases even against a *bona fide* purchaser without notice.  While the precise point does not seem to have been decided by any of the courts of this country, the following decisions, which are the most nearly in point of any called to our attention, are clearly against appellant's position:   *Colt* v. *Brown,* 78 Mass. 233;  *Balch* v. *Wilson,* 25 Minn. 299;  *King* v. *Armstrong,* (Ohio,) 34 N. E. Rep. 163;  *Richmond* v. *Irons,* 121 U. S. 27.

To permit Holmes to dispose of these bonds of the insolvent company for full value after the receiver had been appointed and escape the payment of his stock liability, while the purchaser of the bonds, with full notice of all the facts at the time of the purchase, is permitted to collect full dividends on the bonds from the estate, would be contrary to the fundamental principles of equity that have always been

invoked in the distribution of the assets of an insolvent corporation.

Finding no reversible error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*