## MASSEE & FELTON LUMBER CO. v. BENENSON.

District Court, S. D. New York. August 10, 1927.

**1. Judgment ⚖️181—Creditor of bankrupt corporation, whose claim was allowed by trustee without bankrupt's participation, held not entitled to summary judgment against bankrupt's guarantor (Rules of Civil Practice N. Y. rule 113).**

Creditor of corporation, whose claim was compromised and allowed by corporation's trustee in bankruptcy, without any participation in proceedings by bankrupt, *held* not entitled to summary judgment against guarantor of corporation's contract under Rules of Civil Practice N. Y. rule 113, in view of allegations in defendant's affidavit, and rule that mere allowance of claim against bankrupt estate does not amount to a judgment against bankrupt, such as would constitute prima facie evidence against guarantor.

**2. Judgment ⚖️185—Allegations of defendant's affidavit are weighed against proof of plaintiff moving for summary judgment (Rules of Civil Practice N. Y. rule 113).**

Allegations of defendant's affidavit are to be weighed against prima facie proof of plaintiff in motion for summary judgment under Rules of Civil Practice N. Y. rule 113.

**3. Bankruptcy ⚖️100(1)—Adjudication based on validity of claim consented to by bankrupt and one creditor does not estop trustee and other creditors from denying claim's validity.**

An adjudication based on the validity of a claim, at first contested and subsequently consented to by the bankrupt and one creditor, cannot estop the trustee or any other creditor from thereafter denying validity of claim, even though adjudication of bankruptcy is binding in rem.

**4. Guaranty ⚖️79—Principal and surety ⚖️145(1)—Trustee's allowance of claim without bankrupt's participation is not equivalent to judgment against bankrupt, as regards liability of surety or guarantor.**

Allowance by trustee of claim against bankrupt estate, without any participation of bankrupt in proceedings, is not effective as a judgment against bankrupt, and therefore does not constitute prima facie evidence of liability of bankrupt's surety or guarantor.

**5. Bankruptcy ⚖️341—Claim against bankrupt's estate is mere petition to share in fund, and allowance thereof does not determine bankrupt's personal liability.**

Claim filed against estate in bankruptcy is in no way claim in personam against bankrupt,

but is in nature of petition to share in fund of estate held by court for distribution, and allowance of claim is not determination of bankrupt's personal liability.

At Law. Action by the Massee & Felton Lumber Company against Grigori Benenson. On plaintiff's motion for summary judgment under Rules of Civil Practice N. Y. rule 113. Motion denied.

Root, Clark, Buckner & Howland, of New York City, for plaintiff.

Abraham Tulin, of New York City, for defendant.

MACK, Circuit Judge. [1] Plaintiff moves for summary judgment under rule 113 of the New York Rules of Civil Practice. The motion must be denied. The questions of law and fact raised are too doubtful and difficult to justify this procedure. The issues should be tried out fully.

Plaintiff sues defendant upon a guaranty of a contract made by a corporation, of which he was president and principal owner, and which some years ago became a voluntary bankrupt. It scheduled an obligation to plaintiff of some $6,000. Plaintiff filed its claim for approximately $36,000. The claim as filed was for merchandise delivered. Objections having been filed thereto, plaintiff authorized the trustee's attorneys to reduce the claim to some $18,000, whereupon the attorneys by letter to the referee in bankruptcy withdrew their objections to the claim and it was allowed. By affidavit filed herein plaintiff now asserts that this reduction was based upon the elimination of certain items, and that the balance was for other specific items alleged to come within defendant's guaranty.

Plaintiff claims that this allowance of its claim in bankruptcy is equivalent to a judgment against the bankrupt, and as such at least prima facie evidence against the surety, within Moses v. U. S., 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119, and the cases therein cited. While the authorities are in conflict as to whether a judgment against the principal debtor is conclusive or merely evidentiary, or inadmissible in evidence as against the surety (see annotation in 40 L. R. A. [N. S.] 698, 723 et seq., 734), I am of course bound by the decision in the Moses Case. It is unnecessary, therefore, to consider the other cases on this point.

[2] The allegations, however, in Benenson's affidavit (see especially page 10) are to be weighed as against this prima facie proof, even if the allowance of the claim be considered a judgment. This in itself would suffice to defeat the motion. But the interesting legal question remains whether the doctrine in the Moses Case is to be extended to allowance of claim in bankruptcy. In other words, is such an allowance equivalent to a judgment against the bankrupt?

As is clearly pointed out in Gratiot County State Bank v. Johnson, 249 U. S. 246, 39 S. Ct. 263, 63 L. Ed. 587, the proceedings in bankruptcy are in their nature in rem, so that an adjudication of bankruptcy, while binding as such, is not admissible, except to establish the fact and date of adjudication, in an action by the trustee against an alleged preferred creditor to recover the preference, and that despite the fact that the alleged preference is the very basis of the adjudication in bankruptcy. The reason is that the alleged preferred creditor, although having a right to be made a party and to contest the adjudication, is not by reason of the allegations in the petition a party to the proceedings, so as to make the findings of the court either evidentiary or conclusive as against him in subsequent proceedings against him in personam.

[3] I adhere to the views expressed by me in Re Continental Engine Co., 234 F. 58 (7th C. C. A.), in accordance with Judge Sanborn's dissenting opinion in Ayres v. Cone (C. C. A.) 138 F. 778, that an adjudication based upon the validity of the claim of the petitioning creditor, at first contested, and subsequently consented to by the bankrupt and one creditor, cannot estop the trustee or any other creditor from thereafter denying the validity of such claim, even though the adjudication of bankruptcy itself is binding in rem.

[4, 5] A claim filed against an estate in bankruptcy is in no sense a claim in personam against the bankrupt. It is in the nature of a petition to share in a fund held by the court for distribution. The allowance of the claim is a determination of the right to share in that fund for the amount allowed, but it is in no sense a determination that the bankrupt is personally liable for that amount. It may well be that, if the bankrupt or a creditor participates in a contest of the claim, the findings of the court basic to the allowance will be findings of fact binding thereafter as between the contesting parties. But if the bankrupt in no manner participates in the proceedings despite a right so to do, if as in this case the allowance is made solely by the action of the trustee, its effect should be limited to proceedings thereafter brought by or against the trustee. For or against him such

allowance or disallowance has been held to be res adjudicata. McCullough v. Davenport Sav. Bank (D. C.) 226 F. 309; Adcock v. New Crystal Ice Co., 144 Tenn. 512, 234 S. W. 336; Clendening v. Red River Bank, 12 N. D. 51, 94 N. W. 901.

The importance of this principle is well illustrated in the case decided by me many years ago in the circuit court of Cook county, Illinois, and affirmed by the Supreme Court of Illinois. Hynes v. Illinois Trust & Savings Bank, 126 Ill. App. 409; Id., 226 Ill. 95, 80 N. E. 753, 10 L. R. A. (N. S.) 472, and the early English bankruptcy cases therein cited; Ex parte Deey, 2 Cox, Ch. C. 422; Ex parte Rogers, Buck's Bankruptcy Rep. 490. In these bankruptcy cases the purchaser for value before maturity of negotiable paper, although having a perfectly good claim in personam against the bankrupt, was held subject to defenses which existed against the original payee at the date of the commission of the act of bankruptcy. In England the proceedings relate back to that date. The participation in the fund in the bankruptcy court is determined as of that date. The holder of these notes at that date was subject to defenses. Therefore, as the courts held, a subsequent holder of the note could get no better right in and to the funds than the holder at that date had, even though as a bona fide purchaser he could get a clear right against the bankrupt in personam, and thus be enabled to recover if the bankrupt were not discharged in bankruptcy and if thereafter he came into funds. The Hynes Case laid down a similar doctrine in respect to the funds sequestered by a court of equity under a creditors' bill.

In other branches of law a similar principle prevails. While facts prerequisite to the granting of administration on personal property are res adjudicata as between contesting parties in a subsequent ejectment suit between the same parties (Blackburn v. Crawford's Lessee, 3 Wall. 175, 18 L. Ed. 186), an adjudication of domicile in probate proceedings is not conclusive, or of any evidentiary value, as between one of the parties to such proceedings and a claimant brought in merely by general publication, in a later probate proceeding in another jurisdiction (Overby v. Gordon, 177 U. S. 214, 20 S. Ct. 603, 44 L. Ed. 741). And in an attachment suit, in which the owner appears specially to defend his rights to the property attached as against the plaintiff's claim, but without submitting himself in personam in the case, a judgment therein for the plaintiff would not

be admissible in evidence in subsequent proceedings in personam against the defendant therein not served within the jurisdiction. Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co., 285 F. 214 (6 C. C. A.); Cheshire Nat. Bank v. Jaynes, 224 Mass. 14, 112 N. E. 500.

On the whole, I am inclined strongly to the view that the allowance of the claim without personal participation of the bankrupt cannot be deemed to be a judgment within the Moses Case. See Ballantine v. Fenn, 84 Vt. 117, 78 A. 713, 40 L. R. A. (N. S.) 698. This case, while the nearest in point, is distinguishable, in that the Vermont court, contrary to the Moses Case, would not deem a judgment against the debtor admissible in evidence against the surety.